UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN J. COFFEE,

                                          Petitioner,         Case # 20-CV-6056-FPG

v.                                                                 DECISION AND ORDER

JOSEPH NOETH, Superintendent of Attica
Correctional Facility,

                                          Respondent.
_____

## INTRODUCTION

*Pro se* Petitioner Shawn J. Coffee is an inmate confined in Attica Correctional Facility pursuant to state convictions for second-degree criminal possession of a weapon, third-degree criminal possession of a controlled substance, and fourth-degree criminal possession of a controlled substance. ECF No. 1 at 1; ECF No. 12-1 at 2. In January 2020, he brought this habeas corpus petition under 28 U.S.C. § 2254, challenging his convictions on various grounds. ECF No. 1. On June 17, 2020, Respondent filed a motion to dismiss on timeliness grounds. ECF No. 12. For the reasons that follow, the Court agrees that the petition is untimely, and therefore the petition is DISMISSED WITH PREJUDICE.

## DISCUSSION

28 U.S.C. § 2254 allows a petitioner to challenge his imprisonment from a state criminal judgment on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To prevail under § 2254, a petitioner seeking federal review of his conviction must first demonstrate that the petition is timely. Under 28 U.S.C. § 2244(d)(1), a one-year limitations period applies to § 2254 petitions. The limitations period begins to run from the latest of either:

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). However, the time is tolled for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending." *Id.* § 2244(d)(2). Importantly, this tolling provision does not restart the clock, but only "excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations." *Johnson v. Lee*, No. 16-CV-4456, 2019 WL 1406632, at *2 (E.D.N.Y. Mar. 26, 2019); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that the "tolling provision . . . does not reset the date from which the one-year statute of limitations begins to run").

In this case, Respondent argues, and the Court agrees, that the petition is untimely.

Because all of Petitioner's arguments concern alleged errors that occurred during pretrial proceedings or on direct appeal, *see* ECF No. 1 at 5-11, § 2244(d)(1)(A) applies. Petitioner does not allege any facts that implicate subsections (B), (C), or (D)—he does not claim he was impeded from filing his petition, that he seeks to invoke a newly recognized constitutional right, or that he only recently discovered the factual predicate for his claims.

Under § 2244(d)(1)(A), the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review." Direct review of Petitioner's case ended when the New York Court of Appeals denied leave to appeal on August 21, 2017. *See People v. Coffee*, 86 N.E.3d 567 (N.Y. 2017). Petitioner then had ninety days to seek direct review in the United States Supreme Court, *see Cosey v. Lilley*, No. 18-CV-11260, 2020 WL 2539065, at *13 n.12 (S.D.N.Y. May 19, 2020), which he did not pursue. Therefore, Petitioner's conviction became final at the expiration of that ninety-day period—November 20, 2017. Petitioner thus had until November 20, 2018 to file his petition.

However, Petitioner is entitled to statutory tolling under § 2244(d)(2). Specifically, the limitations period was tolled from February 20, 2018 (when Petitioner filed a motion for a writ of error coram nobis with the Appellate Division) to April 27, 2018 (when the Appellate Division denied the motion).[1] *See* ECF No. 12-3 at 2; *People v. Coffee*, 160 A.D.3d 1505 (N.Y. App. Div. 2018) (table op.). Accounting for this tolling, Petitioner had until January 25, 2019 to file his petition.

Although Petitioner also filed a writ of prohibition in state court, he is not entitled to additional tolling for the period during which it was under review. *See* ECF No. 5 at 53. This is because the Appellate Division found that motion untimely, *see Coffee v. Argento*, 169 A.D.3d 1354 (N.Y. App. Div. 2019), and an untimely postconviction motion is not "properly filed" for purposes of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks and brackets omitted)).

---

[1] As Respondent notes, courts disagree as to whether tolling continues during the period where, as here, the petitioner can but does not seek leave to appeal the coram nobis petition to the New York Court of Appeals. *See* ECF No. 13 at 5 n.1. For the sake of simplicity, the Court has assumed that period is not tolled, but the issue is immaterial as the petition would still be untimely even if that additional time were included.

Thus, Petitioner had until January 25, 2019 to file his petition. Because Petitioner did not mail his petition until January 7, 2020, *see* ECF No. 1 at 28, it is untimely under § 2244(d)(1)(A).[2] Furthermore, Petitioner does not articulate any viable claim for actual innocence or any other extraordinary circumstances that would justify equitable tolling. *See generally Rivas v. Fischer*, 687 F.3d 514 (2d Cir. 2012) (discussing equitable exceptions to the statute of limitations). Accordingly, the petition must be dismissed.

## CONCLUSION

For these reasons, Respondent's motion to dismiss (ECF No. 12) is GRANTED, and the petition (ECF No. 1) is DISMISSED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. The Clerk of Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: July 27, 2020
       Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court

---

[2] Petitioner also argues that he is entitled to tolling for the period in which he litigated his second coram nobis petition. *See* ECF No. 5 at 53. Because the second petition was filed in June 2019— after the limitations period expired—it cannot operate to toll the period. *See Nolley v. Superintendent of Bare Hill*, No. 11-CV-6384, 2017 WL 913141, at *5 (W.D.N.Y. Mar. 7, 2017) ("While a properly filed state-court motion can toll the one-year period, it cannot serve to "restart" or "reset" an expired limitations clock.").